

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CHARLES JOHNSON

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

JEWISH COMMUNITY COUNCIL OF GREATER CONEY ISLAND INC.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. CV 22-5839
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

Gonzalez, J.

Bloom, M.J

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Charles Johnson
   Street Address: 113-10 Horace Harding
   City and County: Queens, New York City
   State and Zip Code: New York 11368
   Telephone Number: 347-848-8410
   E-mail Address: CharlesJohnson11979@gmail.com

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name: Jewish Community Council of Greater Coney Island INC.
   Job or Title (if known):
   Street Address: 3001 West 37th Street
   City and County: Brooklyn, New York City
   State and Zip Code: New York 11224
   Telephone Number: 718-449-5000
   E-mail Address (if known):

   Defendant No. 2
   Name:
   Job or Title (if known):
   Street Address:
   City and County:

2

        State and Zip Code  _____

        Telephone Number  _____

        E-mail Address  _____
        (if known)

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

    Name: Jewish Community Council of Greater Coney Island INC
    Street Address: 1797 Coney Island Ave
    City and County: New York City, Brooklyn
    State and Zip Code: New York, 11234
    Telephone Number: 718-449-5000

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

3

☐ Other federal law *(specify the federal law)*:
_____

☐ Relevant state law *(specify, if known)*:
_____

☐ Relevant city or county law *(specify, if known)*:
_____

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☑ Failure to hire me.
☐ Termination of my employment.
☐ Failure to promote me.
☐ Failure to accommodate my disability.
☐ Unequal terms and conditions of my employment.
☐ Retaliation.
☑ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) **On or about August 12th, 2021**

1. Respondent conducted a background check on me without first making a conditional offer of employment
2. Respondent denied me employment without conducting an "individualized analysis"
3. Respondent discriminated against me based on my criminal convictions and without any regard for my rehabilitation
4. Respondent discriminated against me because of my race

C. I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me.
☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒ race  African American
☐ color _____
☐ gender/sex _____
☐ religion _____
☐ national origin _____
☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☐ disability or perceived disability *(specify disability)*
_____

E. The facts of my case are as follows. Attach additional pages if needed.

Respondent conducted a background check on me without first making a conditional offer of employment. Respondent denied me employment without conducting an "individualized analysis."
Respondent discriminated against me based on my criminal convictions and without any regard for my rehabilitation.
Respondent discriminated against me because of my race.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.  **Exhaustion of Federal Administrative Remedies**

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

    12/10/2021

B.  The Equal Employment Opportunity Commission *(check one)*:

    ☐  has not issued a Notice of Right to Sue letter.

    ☒  issued a Notice of Right to Sue letter, which I received on *(date)*
    _____.

    *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

    ☐  60 days or more have elapsed.
    ☐  less than 60 days have elapsed.

V.  **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I request around $10,000 for the suffering and lack of money they caused me by their wrongs. The job would of helped me a lot and gave me experience to get a better job. They let me down in a bad way. I felt violated. And the six months of income would of supported me. They were paying $20 per hour full-time.

6

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/24, 2022

Signature of Plaintiff: *Charles Johnson*
Printed Name of Plaintiff: Charles Johnson

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mr. Charles Johnson<br>113-10 Horace Harding Expressway, Room 512,<br>Corona, NY 11368 | From: | New York District Office<br>33 Whitehall St, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2022-02478 | Silvia Deng-Batista,<br>Federal Investigator | 9295065271 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

  More than 180 days have passed since the filing of this charge.

  The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Timothy Riera
09/16/2022

Enclosures(s)

Timothy Riera
Acting District Director

cc:  Attn
JEWISH COMMUNITY COUNCIL OF GREATER CONEY ISLAND, INC.
3001 West 37th Street
Brooklyn, NY 11224

Max C Bracero
PHILLIPS & ASSOCIATES, PLLC
45 Broadway, Suite 430,
New York, NY 10006



**PHILLIPS & ASSOCIATES**
*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
*A PROFESSIONAL LIMITED LIABILITY COMPANY*

December 10, 2021

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

## CHARGE OF DISCRIMINATION

RE:   Our Client:            Charles Johnson

      Nature of Complaint:   Race Discrimination, Failure to Hire

                             ~against~

                             **Jewish Community Council of Greater Coney Island, Inc.**

Dear Madam/Sir:

The following is a charge of discrimination on the basis of race and prior criminal conviction history, together with failure to hire that this office is filing on behalf of Mr. Charles Johnson against Jewish Community Council of Greater Coney Island, Inc.

Complainant's address and telephone number are:

113-10 Horace Harding Expressway, Room 512
Corona, NY 11368
P: (347) 848-8410

The name and address(es) of the business(es) against whom the charge is made are:

**Jewish Community Council of Greater Coney Island, Inc.**
3001 West 37th St
Brooklyn, NY 11224
P: (718) 449-5000

The exact number of employees at the above entity is unknown, but upon information and belief, there are well more than the statutory minimum.

**A Statement of Facts is as follows:**

1. Complainant is an African-American male resident of the State of New York, County of Queens.

2. At all times material, Respondent JEWISH COMMUNITY COUNCIL OF GREATER CONEY ISLAND INC. (hereinafter also referred to as "JCCGCI") was and is a domestic not-for-profit corporation duly incorporated under the laws of the State of New York.

3. At all times material, Respondent JCCGCI was and is a community services organization headquartered at 3001 West 37th Street, Brooklyn, New York 11224.

4. At all times material, Complainant was a prospective employee of Respondent JCCGCI, and was qualified to work at Respondent JCCGCI.

## MATERIAL FACTS

5. Complainant, who is forty-two (42) years old, has been incarcerated for most his adult life, having been convicted of multiple crimes in the State of New York.

6. Most recently, in or around 2018, Complainant pled guilty to a charge of sexual abuse in the first degree. Complainant was sentenced to three (3) years in prison.

7. On or about July 1, 2021, was released from prison and is currently on parole.

8. Since his release from prison, Complainant has rehabilitated himself by participating in multiple re-entry/rehabilitation programs.

9. In or around the beginning of August 2021, Complainant came across a job advertisement for a "Paid Internship Opportunity" with the New York City ("NYC") CleanUp Corps.

10. The job advertisement directed those interested in the paid internship to email CSM@hra.nyc.gov to learn more about the opportunity.

11. The NYC CleanUp Corps is a federally funded, city-run initiative, focused on cleaning public spaces, planting community gardens, graffiti removal, and other revitalization efforts.

12. The NYC CleanUp Corps operates as a partnership between non-profit community service organizations and the NYC Human Resources Administration ("HRA").

13. On or about August 3, 2021, Complainant sent an email to CSM@hra.nyc.gov, stating:

> "Today I came across your flyer stating that an internship is available. I'm interested in applying for the internship. I have a good work ethic, I show up for work on time and I believe in team work even though I can work alone good. I have attached my resume to this email. I look forward to hearing from you."

14. The next day, on or about August 4, 2021, Complainant received a phone call from a female employee at the NYC HRA.

15. The employee confirmed receipt of Complainant's email and resume, and referred Complainant to a job opening with Respondent JCCGCI's "Beautifying NYC Internship Project."

16. The employee then informed Complainant that Respondent JCCGCI was conducting a prospective-hire orientation later that week, and encouraged Complainant to attend.

17. On or about August 9, 2021, Complainant attended the prospective-hire orientation at Respondent JCCGCI's 1797 Coney Island Ave, Brooklyn, NY 11230 location.

18. During the orientation, Respondent JCCGCI's staff provided details regarding the responsibilities and expectations of the internship. Respondent JCCGCI's staff also informed attendees that the internship was temporary, and could last up to six (6) months.

19. Finally, the staff indicated that Respondent JCCGCI had a goal of **"helping people get back in the workforce"** and hiring cash assistance recipients referred by the NYC HRA.

20. Complainant was, and still is, a recipient of public cash assistance from the State of New York.

21. After the orientation, Complainant filled out an application for the internship, provided personal identification documents, and signed an authorization consenting to a background check.

22. On or about August 12, 2021, Respondent JCCGCI's Case Manager, Ezruli Guillaume, telephoned Complainant and informed him that his background check "did not go through," and that Respondent JCCGCI would not be moving forward with his application as a result.

23. Later that day, Ms. Guillaume sent Complainant an email memorializing their discussion.

24. The email stated, in relevant part, "Unfortunately, as per [our] phone conversation, your background check did not go through and your application was denied."

25. Shortly after, Complainant replied to Ms. Guillaume's email stating, "Please submit to me by email the reason why my background check did not go through. I will highly appreciate it. Thanks."

26. Ms. Guillaume responded, "I was told by [Human Resources] your background check was flagged."

27. In response, Complainant wrote:

> "But I need the reason and 'flagged' is vague ... Can you please forward this information to HR. I was not given a copy of the background check done on me; I was not evaluated by considering specific factors and if I was[,] that evaluation was not shared with me in writing. The [F]air [C]hance Act states that employers have to do this."

28. Ms. Ezruli did not immediately respond to Complainant's email.

29. Therefore, later that evening, Complainant emailed Respondent JCCGCI's Director of Human Resources, Elinor Sandler, and complained about Respondent JCCGCI's failure to comply with its obligations under the FCRA and the New York City Fair Chance Act.

30. Specifically, Complainant wrote:

4

> "I was told today through my Case Manager Ms Erzuli Guillaume that my background check was not cleared, and HR told her the reason it was not cleared was that my 'background check was flagged.' Flagged is vague. I need a detailed reason why my background check was not cleared. I'm writing you Ms Sandler to ask you to please give me a detailed reason why my background check was not cleared ... Also, I was not given a copy of the background check done on me; I was not evaluated by considering specific factors and if I was that evaluation was not shared with me in writing."

31. Three (3) days later, on or about August 15, 2021, Ms. Sandler replied to Complainant's email stating, "I will forward your inquiry to the [Human Resources] team and to Clean up Corp management so that this can be properly clarified."

32. However, Complainant did not hear back from Respondent JCCGCI regarding his application for the Paid Internship Opportunity.

33. On or about August 12, 2021, Respondent JCCGCI failed to hire, or ceased to consider Complainant for employment because of his criminal background.

34. To date, Complainant has not been provided with a copy of his background check.

35. Respondent JCCGCI conducted a background check on Complainant without first making him a conditional offer of employment, in violation of the New York City Fair Chance Act.

36. Respondent JCCGCI denied Complainant employment without conducting an "individualized analysis," in violation of the New York City Fair Chance Act.

37. Respondent JCCGCI had a practice and/or policy that discriminated against Complainant based on his criminal convictions, and without any regard for his rehabilitation.

38. On or about August 12, 2021, Respondent JCCGCI failed to hire Complainant, or ceased to consider Complainant for employment because of his race.

39. Respondent JCCGCI's contract/policies specifically discriminated against Complainant because of his race.

40. At all times material, the criminal justice system has the effect of disproportionately incarcerating a specific class of minorities, including African Americans.[1]

41. At all times material, Respondent JCCGCI's hiring policy has a discriminatory effect on a specific class of minority races, including African Americans.

42. Then, on or about November 8, 2021, Complainant received an unexpected phone call from Ms. Guillaume. During the call, Ms. Guillaume informed Complainant that a position in Respondent JCCGCI's paid internship program had become available, and offered Complainant the position.

43. In turn, Complainant stated, "I'm confused. I applied for the position three months ago and was told I couldn't be hired because of my background check."

44. Ms. Guillaume replied, "I'll have to look into that." Complainant then asked Ms. Guillaume for time to consider Respondent JCCGCI's job offer. Ms. Guillaume responded, "Well you need to think quick, because we are looking for someone now."

45. Approximately one (1) hour later, Complainant sent Ms. Guillaume an email accepting Respondent JCCGCI's offer of employment. However, Ms. Guillaume informed Complainant that the position was no longer available, claiming that the "slot was taken."

46. In reality, Respondent JCCGCI denied Complainant a position for its paid internship program because it was reminded of his criminal background.

47. On or about November 8, 2021, Respondent JCCGCI failed to hire Complainant because of his criminal background.

48. On or about November 8, 2021, Respondent JCCGCI failed to hire Complainant because of his race.

---

[1] https://doccs.ny.gov/system/files/documents/2021/05/under-custody-report-2019.pdf

49. As a result of Respondent JCCGCI's actions, Complainant felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50. As a result of Respondent JCCGCI's discriminatory and intolerable treatment of Complainant, he suffered, and continues to suffer, severe emotional distress, and physical ailments.

51. As a result of the acts and conduct complained of herein, Complainant has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Complainant has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Complainant has further experienced severe emotional and physical distress.

52. As Respondent JCCGCI's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Complainant demands Punitive Damages.

Very truly yours,

**PHILLIPS & ASSOCIATES, PLLC**

*/s/ Max C. Bracero, Esq.*
Max C. Bracero, Esq.
mbracero@tpglaws.com

Charles Johnson
113-10 Horace Harding Expressway
Room #512
Queens, NY 11368



Pro Se Office
U.S. District Court - Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201







**HANDLE WITH CARE**